### Frank Breuer v. L. Kaufman.

#### Gen. No. 4,771.

1. VERDICT—*when not disturbed.* Where the evidence is conflicting a verdict will not be set aside, unless clearly and palpably against the weight of the evidence.

Action commenced before justice of the peace. Appeal from the Circuit Court of LaSalle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

J. IVOR MONTGOMERY and JOHN H. ARMSTRONG, for appellant.

BROWNE & WILEY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant is a farmer in LaSalle county. Appellee is in the business of buying wool from farmers in that part of the country, and had been for some twelve years. The parties had been acquainted with each

other for several years, and had dealt with each other prior to the transaction here involved. On December 29, 1904, appellee paid appellant $10 and took from him a contract, written by appellant and signed by him, the body of which was as follows: "Received this day ten dollars ($10.00) of L. Kaufman, in part payment of wool sold to him from one hundred and twenty (120) sheep at twenty (20) cents per pound. This wool is to be delivered to him in summer of 1905, and is to be taken just as it comes off the sheep without any discarding. This wool is to be in good marketable condition and not contain any more tags than the average run of wool does. This wool is to be delivered to him at some nearby town by me." Three months later appellee delivered to appellant twenty bags in which to put the wool, and on Friday, June 2, 1905, left more bags at appellant's farm for that purpose. The next day appellee told appellant over the telephone that he wanted the wool delivered to him at Millington, a near-by railway station, the following Monday noon. Appellant replied that he had sold it. Appellee called upon appellant on Monday morning and demanded the wool, and was again refused because it was already sold. Appellant had sold the wool on Saturday to another dealer at twenty-three cents a pound. Appellee then sued appellant before a justice for breach of the contract, and recovered a judgment for $99.79, from which appellant appealed to the Circuit Court, where appellee had a verdict and a judgment for $85.68, from which appellant prosecutes this further appeal. The main questions are whether the proof shows appellant had a right to rescind the contract, and if not, whether the damages awarded are excessive.

When appellee came to appellant's farm on Friday, June 2nd, he met appellant's brother David and Ward Montgomery, but appellant was not at home. Appellee found appellant's wool under an old shed, on top of a pile of manure, and upon that was the wool owned

by Montgomery. Appellee had previously bought the
Montgomery wool, and he then took it, weighed it and
paid for it. Appellee put his hand in one sack of
appellant's wool and declared it was wet; and with
the aid of David and Ward got the sacks out in the
yard, and left directions to tell appellant to have the
sacks opened and the fleeces taken out and spread out
in the sun to dry, and left three more sacks and went
away. Whether appellee also left word that he
wanted it delivered at Millington on Monday, or that
he would be back on Tuesday, is a disputed question.
There is a conflict in the proof as to whether the wool
was wet. Appellant and Ward testified it was not wet;
David testified he did not feel of it and did not know;
appellee testified it was wet; and Betts, to whom ap-
pellant sold it on Saturday, testified for appellant
that it was not very damp, which meant that it was
somewhat damp when he bought it. Whether it was
wet or not was a question upon which the proof per-
mitted a verdict either way. Whether appellee found
or believed it was wet and wanted the dampness dried
out, or whether he wanted the natural grease dried
out to avoid fulfilling his contract to take it as it came
off the sheep, was a question for the jury. Whether
or not appellee told David to tell his brother he would
not take the wool in that condition, was a disputed
question of fact. We do not sustain appellant's con-
tention that appellant's brother David was made ap-
pellee's agent, and that what David told appellant
when the latter reached home that night binds appel-
lee, whether the message was truthfully repeated or
not; but if that were so, yet what David told appellant
that appellee had said did not amount to a rescission
of the contract nor justify appellant in rescinding it.
David told appellant that appellee said the wool was
wet and not in a condition that he could take it; that
he would not take it the way it was; and that appellant
should take it out of the sacks and dry it; and that
appellee would be there Tuesday. Appellant also

learned that appellee had left some more sacks. When he learned that appellee had left more sacks in which to put the wool and would be there again on Tuesday, he knew appellee was expecting to take the wool. If the wool was not wet appellant was not required to dry it. We must assume that the jury found that the wool was wet. If so, appellee's requirement that it be dried was no doubt within his rights and did not authorize appellant to terminate the contract.

Appellant on Saturday sold and delivered to Betts 946 pounds. When the jury found appellant had wrongfully broken the contract, the measure of damages was the difference between the contract price and the market price at the time and place of delivery. There was a conflict in the proof as to the grade and value of this wool. The jury evidently fixed the market price at 28 cents per pound, and allowed plaintiff eight cents per pound on 946 pounds, or \$75.68, and added thereto the \$10.00 which appellee had advanced on the contract. Whether the market value of the wool at that time was 28 cents or less or more was a question upon which there was a conflict in the proof. There was evidence to support the verdict and even a larger award. The litigation concerns questions of fact which the jury and trial judge have settled from conflicting proof, in which we find no warrant for disturbing the judgment.

The action of the court upon certain instructions is assigned for error, but that assignment is not argued, and it is therefore waived.

The judgment is affirmed.

*Affirmed.*